JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE STREET HOLDING, LLC,

                Plaintiff,

v.

ASPEN AMERICAN INSURANCE COMPANY,

                Defendant.

Civil Action No.: 13-CV-2291

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED APR 0 8 2013 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff Jane Street Holding, LLC ("Jane Street"), by and through its attorneys, Kasowitz, Benson, Torres & Friedman LLP, for its Complaint against Aspen American Insurance Company ("Aspen"), alleges as follows:

## NATURE OF THE ACTION

1. Jane Street's Complaint is for breach of contract, breach of fiduciary duty and bad faith.

2. Despite the fact that Jane Street fully paid the premium charged by Aspen for an insurance policy designed to cover just this type of loss, Aspen has refused to pay for the direct physical loss to Jane Street's generator which was destroyed during Superstorm Sandy.

3. Jane Street seeks damages due to Aspen's unreasonable and unfounded failure to make good on its policy obligation to pay for the loss of Jane Street's generator which is fully covered under Aspen's policy.

## THE PARTIES

4. Jane Street is a New York limited liability company, with principal place of business at One New York Plaza, New York, New York.

5. Jane Street's constituent members are citizens of the following states: New York, New Jersey, Wyoming, Pennsylvania, Alabama, California and Illinois.

6. No member of Jane Street is a citizen of Texas or Connecticut.

7. Upon information and belief, Aspen is an insurance company organized under the laws of the State of Texas with its principal place of business in Rocky Hill, Connecticut.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties to this action and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

I. The Aspen Policy

10. In consideration for premium fully paid to cover precisely the type of loss at issue here, Aspen issued a policy numbered IMA8P2712 for the policy period between September 2, 2012 and September 2, 2013 (the "Policy") to insure Jane Street *inter alia* for direct physical loss to uninterruptible power supply systems, business personal property, and covered equipment, including but not limited to, direct physical loss caused by mechanical breakdown and/or flood.

11. The Commercial Output Program Property ("COP") Coverage Part of the Policy covers direct physical loss to Jane Street's "business personal property in buildings or structures at a 'covered location' or in the open (or in vehicles) on or within 1,000 feet of a 'covered location.'"

12. The Equipment Breakdown ("EB") Coverage Part of the Policy covers direct physical loss to Jane Street's property caused by or resulting from an "accident" to its "covered

2

equipment" "in buildings or structures at a 'covered location' or in the open (or in vehicles) on or within 1,000 feet of a 'covered location.'"

13. Under the EB Coverage Part of the Policy, "covered equipment" includes "equipment . . . that generates, transmits, or utilizes energy" that suffered an "accident", which is defined to include a "mechanical breakdown."

14. Under the COP and EB coverage parts of the Policy, the basement of One New York Plaza forms a part of the "buildings or structures" at a covered location.

15. The Electronic Data Processing Equipment ("EDP") Coverage Part of the Policy covers direct physical loss to "protection control systems" that are located at Jane Street's "premises" described in the "schedule of coverages."

16. The EDP Coverage Part of the Policy defines "protection control systems" as including "uninterruptible power supply systems, line conditioners and voltage regulators."

17. The EDP Coverage Part of the Policy defines "mechanical breakdown" as "the malfunction or failure of moving or electronic parts, component failure, faulty installation, or blowout."

18. Under the EDP Coverage Part of the Policy, the basement of One New York Plaza forms a part of the "premises" described in the "schedule of coverages."

II. The Underlying Claim

19. Jane Street and its affiliates are in the business of quantitative proprietary trading in which trades are conducted with the company's internal assets globally.

20. In an effort to obtain an "uninterruptible power supply system" to prevent and/or mitigate any future damage to its offices and property, Jane Street purchased a generator which it maintained in the basement of the building at its premises at One New York Plaza, New York, New York.

21. On or about October 29, 2012, Jane Street suffered the direct physical loss of its generator when it malfunctioned, and its moving and/or electronic parts failed, and/or suffered component failure during Superstorm Sandy.

22. On November 1, 2012, Jane Street notified Aspen of the direct physical loss to its generator.

III. <u>Aspen Has Withheld Payment for the Damage to Jane Street's Generator</u>

23. Jane Street has fulfilled all of its duties, conditions, and prerequisites to coverage under the Policy with respect to the Underlying Claim.

24. Jane Street timely notified Aspen of the Underlying Claim, and at all times has cooperated with Aspen's reasonable requests related to the Underlying Claim.

25. Aspen acknowledged that the generator constitutes "business personal property" under the COP Coverage Part of the Policy.

26. Aspen further acknowledged that Jane Street's generator suffered a "malfunction or failure of moving or electronic parts, component failure, faulty installation, or blowout."

27. Jane Street's generator was located in the basement of One New York Plaza, which forms part of the "building or structure" at the covered location, and is therefore covered under the COP and EB Coverage Parts of the Policy.

28. Aspen does not dispute that the basement of One New York Plaza was located within 1,000 feet of Aspen's office on the 33rd Floor.

29. Aspen does not dispute that the generator constitutes an "uninterruptible power supply system, line conditioner and voltage regulator" within the terms of the EDP Coverage Part of the Policy.

30. Aspen acknowledged that the Policy provides up to $2.5 million for direct physical loss of property due to flood.

31. Jane Street provided Aspen with a sworn proof of loss, valuing the direct physical loss to its generator at $2.2 million.

32. Aspen has not disputed Jane Street's valuation.

33. Nevertheless, and without valid basis, Aspen has refused to make payment in excess of $50,000 for the direct physical loss of Jane Street's generator.

34. Aspen's refusal to pay for the full and undisputed direct physical loss to Jane Street's generator is unreasonable, frivolous, unfounded, and in bad faith.

## FIRST CAUSE OF ACTION

(Breach of Contract)

35. Jane Street repeats and realleges the allegations set forth in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

36. Jane Street has complied with all terms, conditions and prerequisites to coverage set forth in the Policy and remains ready to perform all of its obligations under the Policy.

37. Pursuant to the terms of its Policy, Aspen is required to pay in full for the direct physical loss to Jane Street's generator under the COP Coverage Part of its Policy.

38. Pursuant to the terms of its Policy, Aspen is required to pay in full for the direct physical loss to Jane Street's generator under the EB Coverage Part of its Policy.

39. Pursuant to the terms of its Policy, Aspen is required to pay in full for the direct physical loss to Jane Street's generator under the EDP Coverage Part of its Policy.

40. On November 29, 2012, Aspen sent a letter denying its coverage obligations to pay in excess of $50,000 for the damage to Jane Street's generator.

41. As a result of Aspen's breach of its obligations under its Policy, Jane Street has suffered and continues to suffer damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

(Breach of Fiduciary Duty)

42. Jane Street repeats and realleges the allegations set forth in paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

43. Under the terms of the Policy, Aspen is charged with an implied duty of good faith and fair dealing in its handling of the Underlying Claim.

44. Aspen held a position of special trust and fiduciary responsibility to Jane Street with respect to its handling of the Underlying Claim, including the responsibility to deal with Jane Street in good faith.

45. Aspen breached that duty when it placed its interests above Jane Street's by refusing to pay for Jane Street's loss associated with the Underlying Claim without valid basis.

46. As a direct and proximate result of Aspen's breach of its fiduciary duties, Jane Street has suffered damages.

47. Aspen's actions have caused, and will continue to cause, substantial damage to Jane Street.

48. Aspen's conduct was outrageous, intentional, malicious, willful and in blatant disregard of Jane Street's rights.

49. As a result of said conduct, Aspen is liable to Jane Street for compensatory and punitive damages, and the attorneys' fees and costs incurred by Jane Street in prosecuting this action.

## THIRD CAUSE OF ACTION

(Bad Faith)

50. Jane Street repeats and realleges the allegations set forth in paragraphs 1 through 48 of this Complaint, as if fully set forth herein.

51. Aspen's actions constitute bad faith in that, *inter alia*, Aspen's refusal to pay under the Policy the loss Jane Street has incurred in connection with the Underlying Claim is, and has been known by Aspen to be, unreasonable, frivolous and unfounded.

52. Aspen's actions have caused, and will continue to cause, substantial damage to Jane Street.

53. Aspen's conduct was and continues to be outrageous, intentional, malicious, willful and in blatant disregard of Jane Street's rights.

54. As a result of said conduct, Aspen is liable to Jane Street for compensatory and punitive damages, and the attorneys' fees and costs incurred by Jane Street in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Jane Street respectfully requests that the Court enter a judgment:

(a) As to the First Cause of Action, awarding Jane Street an amount to be determined at trial including but not limited to the damage to and loss of Jane Street's generator;

(b) As to the Second Cause of Action, awarding Jane Street punitive damages, and the attorneys' fees, costs and expenses it has incurred in prosecuting this action;

(c) As to the Third Cause of Action, awarding Jane Street punitive damages, and the attorneys' fees, costs and expenses it has incurred in prosecuting this action;

(d) As to all Causes of Action, awarding Jane Street pre-judgment and post-judgment interest to the extent permitted by law; and

(e) As to all Causes of Action, granting Jane Street such other and further relief as the Court deems just and proper.

## JURY DEMAND

Jane Street hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: _____
Robin Cohen
Burt Garson
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
(rcohen@kasowitz.com)

*Attorneys for Plaintiff Jane Street Holding, LLC*

Dated: April 8, 2013
        New York, New York

8